NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA RAFOFSKY and JOSHUA IRON WING, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC., a California corporation,<br><br>Defendant. | Case No. 2:15-cv-01848 AB(MANx)<br><br>**CLASS ACTION**<br><br>[~~PROPOSED~~] **ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS, DIRECTING NOTICE TO THE CLASS, AND SCHEDULING FAIRNESS HEARING** |

WHEREAS, this matter has come before the Court pursuant to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement;

WHEREAS, the Court finds that it has jurisdiction over the Action and the Related Action and each of the parties for purposes of settlement and asserts jurisdiction over the Class Members for purposes of effectuating this settlement

and releasing their claims (all capitalized terms as defined in the Settlement Agreement attached to the Memorandum as Exhibit A); and

WHEREAS, this Court has considered all of the submissions related to the Motion and is otherwise fully advised in the premises;

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Court certifies the following Class for settlement purposes only (the "Settlement Class"):

> All purchasers or lessees of a new 2014 Infiniti Q50, for end use and not for resale, from an Infiniti dealer in the fifty United States, the District of Columbia, Puerto Rico, U.S. Virgin Islands, Guam, and or any other recognized territory and protectorate of the United States.

The Settlement Class excludes any people or businesses that did not purchase or lease the Class Vehicles for end use, thereby excluding any automobile dealers of any kind or others who did not lease or purchase the Class Vehicles for end use. The Settlement Class also excludes: (i) NNA and its officers, directors, attorneys, agents, affiliates, subsidiaries, authorized distributors and dealers; (ii) all Settlement Class members that timely and validly request exclusion from the Settlement Class; and (iii) the Judge presiding over the Litigation.

As provided for in the Settlement, if the Court does not grant final approval of the Settlement, or if the Settlement is terminated or cancelled pursuant to the terms thereof, then the Settlement and the certification of the Settlement Class provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any party's position on the issue of class certification or on any other issue.

2. The Court finds, based on the terms of the Settlement that:

a. There are questions of law and fact common to the Settlement Class;

b. The claims of Representative Plaintiffs are typical of the claims of members of the Settlement Class;

c. The Settlement Class is so numerous that joinder of all members is impracticable;

d. Representative Plaintiffs and Class Counsel will fairly and adequately represent the interests of the Settlement Class, and there are no conflicts of interest between Representative Plaintiffs and members of the Settlement Class;

e. Questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual members of the Settlement Class; and

f. Certification of the Settlement Class is superior to other methods for the fair and efficient adjudication of this controversy.

3. Accordingly, the Court hereby certifies the Settlement Class, for settlement purposes only, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

4. The terms of the Settlement are preliminarily approved as fair, reasonable, and adequate, sufficient to warrant sending notice to the Settlement Class, and are subject to further consideration thereof at the Fairness Hearing referenced below. This Order incorporates herein the Settlement, and all of its exhibits and related documents. Unless otherwise provide herein, the terms defined in the Settlement shall have the same meanings in this Order. The Settlement was reached as a result of arm's length negotiations by experienced counsel and with the assistance and oversight of Hon. James Holderman (Ret.).

1  The Court finds that the settlement embodied in the Settlement Agreement is
2  sufficiently within the range of reasonableness so that notice of the Settlement
3  should be given as provided in the Settlement Agreement and this Order. In
4  making this determination, the Court has considered the current posture of the
5  Litigation and the risks and benefits to the Parties involved in both settlement of
6  these claims and continuation of the Litigation.

7  5.  Joshua Rafofsky, Joshua Iron Wing, and L. Zingerman D.D.S., P.C.,
8  d/b/a/ Niles Family Dental DDS, are appointed as representatives of the
9  Settlement Class. Ben Barnow, Erich P. Schork, and Anthony Parkhill of Barnow
10 and Associates, P.C., and Timothy G. Blood and Thomas J. O'Reardon, II, of
11 Blood Hurst & O'Reardon LLP, are appointed as Class Counsel.

12 6.  A hearing (the "Final Fairness Hearing") shall be held before the
13 Court on **September 11, 2017 at 10:00 a.m.** in Courtroom 7B of the United
14 States District Court for the Central District of California, 350 West First Street,
15 Los Angeles, California, to determine: (a) whether the Settlement is fair,
16 reasonable, adequate, and in the best interests of the Settlement Class; (b)
17 whether a Judgment, as provided in the Settlement, should be entered granting
18 final approval of the Settlement; (c) whether, and in what amount, attorneys'
19 fees, costs, and expenses should be awarded to Class Counsel; and (d) whether,
20 and in what amount, representative plaintiff service awards should be awarded to
21 Plaintiffs. The Court may continue the Final Fairness Hearing without further
22 notice to Settlement Class Members.

23 7.  If the Court fails to enter an Order Granting Final Approval in
24 accordance with all of the terms of the Agreement, or the Order Granting Final
25 Approval does not for any reason become Final, or the Defendant exercises its
26 discretion to set aside the Settlement, the Agreement and all negotiations,

27
28

1  proceedings, documents prepared, and statements made in connection with the
2  Settlement Agreement shall be without prejudice to the Parties, shall not be
3  deemed or construed to be an admission or confession by the Parties of any fact,
4  matter, or proposition of law, and shall not be used or admissible in any manner
5  for any purpose, and all parties to the Litigation shall stand in the same position
6  as existed on April 17, 2017, and as if the Settlement Agreement had not been
7  negotiated, made, or filed with the Court.  In such event, the parties to the
8  Litigation shall move the Court to vacate all orders entered by the Court pursuant
9  to any provision of this Agreement.

10      8.    The Court has considered the Notice in the Settlement and finds that
11  the Notice and methodology as described in the Settlement and in the Declaration
12  of Carla Peak attached as Exhibit B to Plaintiffs' Memorandum of Points and
13  Authorities in Support of Motion for Preliminary Approval of Class Action
14  Settlement, including the exhibits attached thereto: (a) meets the requirements of
15  due process and Fed. R. Civ. P. 23(c) and (e); (b) constitutes the best notice
16  practicable under the circumstances to all persons entitled to notice; and (c)
17  satisfies the constitutional requirements regarding notice. In addition, the forms
18  of notice: (a) apprise Class Members of the pendency of the Litigation, the terms
19  of the proposed Settlement, their rights, and deadlines under the Settlement; (b)
20  are written in simple terminology; (c) are readily understandable by Class
21  Members; and (d) comply with the Federal Judicial Center's illustrative class
22  action notices. The Court approves the Notice and methodology as described in
23  the Settlement and in the Declaration of Carla Peak in all respects.

24      9.    The Court hereby appoints Kurtzman Carson Consultants ("KCC")
25  to be the Settlement Administrator. Responsibilities of the Settlement
26  Administrator are set forth in the Settlement. Not later than 21 days before the
27
28

date of the Fairness Hearing, the Settlement Administrator shall file with the Court: (a) a list of those persons who have opted out or excluded themselves from the Settlement; and (b) the details outlining the scope, methods, and results of the Class Notice.

10. Individual Notice shall be provided by the Settlement Administrator by mailing a postcard, substantially in the form attached as Exhibit A to the Declaration of the Carla Peak, through the United States Postal Service to each Settlement Class Member's mailing address, as indicated by records maintained in the ordinary course of business by NNA. The Settlement Administrator shall: (a) re-mail any notices returned by the United States Postal Service with a forwarding address no later than **July1, 2017**; and (b) by itself or using one or more address research firms, as soon as practicable following receipt of any returned notices that do not include a forwarding address, research such returned mail for better addresses and promptly mail copies of the applicable notice to any better addresses so found.

11. A second and third communication concerning the Settlement may be by e-mail, if e-mail addresses are available. Those communications only need to refer to the website set up by the Settlement Administrator, as described below, and inform the Class Member that a selection of benefits still needs to be made by the Settlement Class Member. Those communications may, at the option of NNA, also offer additional information concerning Infiniti vehicles. Nissan is also free to conduct any additional communications with its customers including Settlement Class Members, so long as such communications are compatible (i.e., do not contradict) the communications required by the Settlement.

12. The Settlement Administrator shall establish a settlement website to provide Settlement Class Members with important information regarding the Settlement, including important dates and deadlines regarding the Settlement, and related information. The website shall include, in .pdf format, the Settlement Agreement, Frequently Asked Questions and Answers, the Order Granting Preliminary Approval, the Long Form Notice, and the Claim Form.

13. The Long Form Notice shall advise Settlement Class Members of the nature of the Litigation, certification of the Settlement Class for settlement purposes only, the benefits made available to Settlement Class Members under the Settlement, how to redeem such benefits, and describe the claims released under the Settlement. The Long Form Notice shall advise Settlement Class Members of their right to opt out of or object to the Settlement and to appear at the Final Fairness Hearing and shall provide deadlines and procedures for exercising those rights.

14. Any Settlement Class Member who wishes to opt-out of the Settlement must, no later than 28 days prior to the date of the Final Fairness Hearing in the Order Granting Preliminary Approval, send to a designated Post Office Box established by the Settlement Administrator, a written and signed statement, entitled "Request for Exclusion," requesting exclusion from the Settlement Class. The Request for Exclusion must provide the Class Member's full name, address, telephone number, e-mail address (if available), and the Vehicle Identification Number (VIN) of his or her Class Vehicle. In all instances, the date appearing on the postmark shall be controlling for determining when a Request for Exclusion was mailed.

15. Persons who timely and validly exclude themselves from the Settlement Class shall not be bound by the Settlement or the Final Order and

Final Judgment. If a Settlement Class Member files a request for exclusion, that person may not assert an objection to the Settlement. The Settlement Administrator shall also be responsible for giving notice of the receipt of any such requests for exclusion by promptly providing complete copies to Class Counsel and Defendant's Counsel.

16. Each Settlement Class Member desiring to object to the Settlement shall submit a timely written notice of their objection. To state a valid objection to the Settlement, a Settlement Class Member must provide the following information in their written objection: (i) his or her full name, address, telephone number, and e-mail address (if available); (ii) the Vehicle Identification Number (VIN) of his or her Class Vehicle(s); (iii) a statement of the objection(s), including all factual and legal grounds for the position; (iv) copies of any documents he or she wishes to submit in support; (v) the name, address, and telephone number of his or her separate counsel in this matter, if any; and (vi) his or her dated signature. In addition, the objection must list any other objections submitted by the Settlement Class Member, or his or her counsel, to any class action settlements in any court in the United States in the previous five years, or else affirmatively state that no other such objections have been made. If an objecting Settlement Class Member intends to appear, in person or by counsel, at the Final Fairness Hearing, he or she must so state in the written objection. To be timely, an objection must be mailed twenty-eight (28) days prior to the Final Fairness Hearing in the Order Granting Preliminary Approval upon Ben Barnow, Barnow and Associates, P.C., One North LaSalle Street, Suite 4600, Chicago, IL 60602, and also on Peter J. Brennan, Jenner & Block LLP, 353 North Clark Street, Chicago, Illinois 60654. In all instances, the date appearing on the postmark shall be controlling for determining when an Objection was mailed.

17. On or before **August 21, 2017**, Class Counsel shall file and Defendant may file with the Court any memorandum or other materials in support of final approval of the Settlement Agreement and also on or before **July 31, 2017,** Class Counsel shall file any Fee Request with the Court. Any reply briefs relating to final approval of the Settlement Agreement or Class Counsel's Fee Request or responses to objections to the Settlement Agreement shall be filed on or before **August 28, 2017**.

18. Pending the Fairness Hearing and the Court's decision whether to finally approve the Settlement Agreement, all proceedings in the Action, other than proceedings necessary to carry out or enforce the Settlement Agreement or this Order, are stayed and suspended, until further order from this Court.

19. Pending the Fairness Hearing and the Court's decision whether to finally approve the Settlement, no Representative Plaintiff or Settlement Class Member, either directly, representatively, or in any other capacity (other than a Class Member who validly and timely elects to be excluded from the Class), shall commence, continue, or prosecute against any of the Released Parties (as that term is defined in the Settlement Agreement) any action or proceeding in any court or tribunal asserting any of the matters, claims, or causes of action that are to be released in the Settlement Agreement. In addition, all Representative Plaintiffs, Class Members, and all persons in active concert or participation with Class Members are preliminarily barred and enjoined from organizing Class Members who have not been excluded from the Class into a separate class for purposes of pursuing as a purported class action, any lawsuit based on or relating to the claims and causes of action in the complaint in the Action or Related Action, or the facts and circumstances relating thereto, or the release in the Settlement Agreement. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court

finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action. Upon final approval of the Settlement Agreement, all Representative Plaintiffs and Class Members who do not timely and validly exclude themselves from the Class shall be forever enjoined and barred from asserting any of the matters, claims, or causes of action released pursuant to the Settlement Agreement against any of the Released Parties, and any such Representative Plaintiff and Class Members shall be deemed to have forever released any and all such matter, claims, and causes of action as provided for in the Settlement Agreement.

20.   The Parties are authorized to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement.

21.   The deadlines set forth in this Order, including but not limited to, adjourning the Fairness Hearing, may be extended by Order of the Court, for good cause shown, without further notice to the Class Members—except that notice of any such extensions shall be included on the settlement website. Class Members should check the settlement website regularly for updates and further details regarding extensions of these deadlines.

22.   Class Counsel and Defendant's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement Agreement that are not materially inconsistent with this Order of the Settlement Agreement, including making without further approval of the Court minor changes to the Settlement Agreement, to the form or content of the Class Notice, or to any other exhibits that the Parties jointly agree are reasonable or necessary.

23. The Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Class.

SO ORDERED this 1st day of May, 2017.

_____
Honorable Andre Birotte Jr.
United States District Judge